**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:14-CR-283-LY-1 |
| | § | |
| MIGUEL REYNA | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**PROCEDURAL BACKGROUND**

Defendant pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2). On February 18, 2015, Defendant was sentenced to 18 months' imprisonment, followed by three years of supervised release. Defendant's supervision began on November 21, 2019.

On March 23, 2021, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"). Dkt. 51. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's

supervised release should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested the same day and ordered temporarily detained at his initial appearance.

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Standard Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."
>
> **Violation of Special Condition:** "The defendant shall take all mental health medications that are prescribed by the treating physician."

The Petition alleges that Defendant submitted to a random drug test on March 15, 2021, which returned positive for methamphetamine on March 23, 2021. The Petition further alleges that Defendant admitted on March 15, 2021, that he ceased taking his mental health medications on or about March 10, 2021, against the physician's direction.

Defendant waived his right to a preliminary revocation hearing. Dkt. 62. On April 7, 2021, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. In the interests of justice, the hearing was conducted by video teleconference due to the exigent circumstances created by the COVID-19 pandemic. Both parties consented to proceed by video teleconference, and Defendant, his attorney, the attorney for the Government, and Defendant's Probation Officer were present throughout the hearing. The Magistrate Judge finds that the video teleconference was sufficient to assess the voluntariness of the proceeding, Defendant's credibility, and his understanding. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

## **FINDINGS OF THE COURT**

1. Defendant voluntarily gave consent to proceed before a United States Magistrate Judge.

2. Defendant had both a factual and rational understanding of the proceedings against him.

3. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him.

4. Defendant was sane and mentally competent at the time of these proceedings.

5. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

6. The Court finds that Defendant violated Standard Condition No. 7 and the Special Condition of his term of supervised release to take all prescribed mental health medications, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

    a. the nature and circumstances of the offense, § 3553 (a)(1);
    b. the history and characteristics of Defendant, (a)(1);
    c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d. the need to protect the public, (a)(2)(C);
    e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
    f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
    g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
    h. the need to provide restitution to any victims of the offense, (a)(7).

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

The Magistrate Court finds the following factors particularly compelling in this case: Defendant's history and characteristics, the need to afford adequate deterrence to criminal conduct, and the need to provide Defendant with medical care in the most effective manner. Defendant has struggled with mental health and substance abuse issues. An additional term of imprisonment and supervision offers the opportunity for Defendant to continue receiving medical care and to protect the public by deterring further criminal conduct.

For these reasons, the Magistrate Court recommends that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that the District Court sentence Defendant to **four months imprisonment,** with credit for time served, and **impose a term of supervised release of six months to include inpatient substance abuse treatment** and otherwise subject to all existing conditions of release.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report

within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 7, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE